DANIEL TREADWELL WALDEN *v.* SAMUEL JARVIS PETERS and another.

An act of express ratification to be valid, must mention: *first*, the substance of the obligation; *second*, the motive; *third*, the intention to repair the vice or vices which exist. If there be several vices, mention of one only will not repair the others.

THE plaintiff is appellant from a judgment of the District Court of the First District, *Buchanan*, J.

*F. B. Conrad*, for the appellant.

*Micou*, for the defendants.

GARLAND, J. This action was instituted to annul three judgments obtained by the defendants against the plaintiff, on the ground that he was not cited according to law. The plaintiff also obtained an injunction to arrest proceedings on the executions issued on the judgments. The defendants took a rule on the plaintiff to show cause why the injunction should not be dissolved, on the ground that a bond was not given with James W. Breedlove

as security, as required by the order of the court, and on other grounds, which it is not necessary to mention.

When the order granting the injunction was given, the judge ordered a bond with James W. Breedlove as security, to be given for $3,500. At the time Breedlove was not in the city, but his son, who was acting under a general power of attorney, which contained no authority to sign such an instrument, signed the bond as agent of his father; and a day or two afterwards, he says, that he wrote to his father that he had signed the bond in this case and another of the same character, who replied to him, 'you did right to sign the bond for Walden.' The defendants say that this is not an obligation that will legally bind James W. Breedlove, and that consequently no security has been given. We are constrained to say that the objection must be sustained. It is not pretended that the power of attorney gave authority to sign such a bond or bonds; but the plaintiff's counsel contends that the letter of Breedlove to his son, is a ratification of the act. We do not think it a legal ratification. The letter is not addressed to the defendants, and neither it, nor that of Julien P. Breedlove, the son, is in their possession or under their control. The father is the depositary of one letter, and the son of the other, and if an action should be commenced on the bond, neither could be a witness in the case. But admitting that the defendants had possession of J. W. Breedlove's letter to his son, the language he uses is so general and indefinite as not to amount to a ratification of the injunction bond. Only one bond is spoken of in the letter, and whether the bond in this case is meant, or that in the case of Jasper Strong, *post.* p. 459, cannot be understood from the language used. The Civil Code, art. 2252, says, that a ratification is only valid when it contains the substance of the obligation.* Toullier says, three conditions are requisite to the validity of an act of express ratification : *first*, a statement of the substance of the obligation ; *second*, mention of the motive ; *third*, an intention to repair the vice which exists. If the contract contains several vices, the mention of one of them

---

*The article cited provides, that such a ratification is only valid, 'when it contains the substance of the obligation, the mention of the motive of the action of rescission, and the intention of supplying the defect on which that action is founded.'

will not repair the others. 8 Toullier, Nos. 495, 499. This court has given the same opinion. 11 Martin, 612.

The judge of the District Court therefore, did not err in dissolving the injunction; but as Breedlove has not appealed, we cannot now interfere with that portion of the judgment, which gives interest and damages against him.

*Judgment affirmed.*